1 DAVID L. ANDERSON (CABN 149604)
United States Attorney

2
BARBARA J. VALLIERE (DCBN 439353)
3 Chief, Criminal Division

4 BRIAN R. FAERSTEIN (CABN 274850)
Assistant United States Attorney

5
    450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102-3495
    Telephone: (415) 436-6473
7     Fax: (415) 436-7234
    Brian.Faerstein@usdoj.gov

8
Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-0346 JD |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING |
| v. | PRODUCTION OF "PROTECTED MATERIALS" |
| IVAN SALCEDO and ARTHUR VILLANUEVA, | |
| Defendants. | |

## STIPULATION

The United States of America, by and through Assistant United States Attorney Brian R. Faerstein, defendant Ivan Salcedo, by and through his attorney David Rizk, and defendant Arthur Villanueva, by and through his attorney Anthony Tall, hereby stipulate as follows:

Defendants are charged in a three-count Indictment, alleging one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, and two counts of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). Pursuant to the defendants' request for discovery, the government has made an initial production of written discovery materials to the defendants in this case. The government intends

to produce additional discovery containing identification information of a confidential informant (CI) and an undercover law enforcement officer (UC).  There is a credible basis that one or more of the government's witnesses, specifically a CI and UC, may be endangered if their identities are revealed.  The defendants do not concede that the government's arguments are correct, but agree that, if correct, they state a basis to believe that there are significant witness endangerment issues.

Pursuant to this Protective Order, the government will produce to defense counsel in this case audio and video recordings pertaining to the charges in the Indictment.  The audio and video recordings include materials that the government deems to be sensitive, based on witness safety concerns.

Materials produced according to this Protective Order will be labeled as "PROTECTED MATERIALS," and will include (1) audio recordings of communications and/or meetings between one or both of the defendants and CI and/or UC, and (2) video recordings of communications and/or meetings between one or both of the defendants and CI and/or UC.  This Protective Order does not apply to discovery that is not marked PROTECTED MATERIALS.  Any discovery with the designation PROTECTED MATERIALS is, however, subject to this Protective Order with the following restrictions:

1. Except when actively being examined for the purpose of the preparation of the defense of the defendants, all PROTECTED MATERIALS shall be stored and maintained in a locked or otherwise secure location or device (if stored electronically), meaning, a location or device which is accessible only to Covered Individuals as defined in paragraph 2 below.  Defense counsel and other Covered Individuals shall not permit any person access of any kind to the PROTECTED MATERIALS, except as set forth below.

2. Only the following individuals ("Covered Individuals") may examine, view, or listen to the PROTECTED MATERIALS:

    a. The defendants' counsel of record;

    b. Members of defense counsels' law offices who are assisting with the preparation of the defendants' defense, but not including any person with a prior relationship to the defendant(s) that falls outside the scope of legal representation (e.g., a familial or social relationship);

2

       c.     "Contracted Individuals," whom the defense engages to assist in this matter, including paralegals, attorneys, discovery coordinators, investigators and/or experts. The parties agree that "Contracted Individuals" shall be limited to professionals contracted to assist defense counsel in the defense of this matter, and shall not include any individual with a prior relationship that falls outside the scope of legal representation (e.g., a familial or social relationship); and

       d.     The defendants and third-party percipient witnesses to the events alleged in this case may <u>view</u> the PROTECTED MATERIALS, but only in the presence of (i) defense counsel or another authorized person listed in this paragraph, or (ii) counsel for the third-party witness, provided such counsel executes and returns a copy of the attached Certification to defense counsel. However, neither the third-party percipient witnesses, their attorneys, nor the defendants may retain copies of the PROTECTED MATERIALS, make recordings or take photographs of the PROTECTED MATERIALS, or otherwise seek to duplicate in whole or in part any aspect of the PROTECTED MATERIALS.

PROTECTED MATERIALS, or any copy or image thereof, may not be shown, played (in the case of an audio and video recording), or otherwise divulged to any individual who is not a Covered Individual.

    3.     The Covered Individuals may examine the PROTECTED MATERIALS for the purpose of preparing a defense for the defendants, and for no other purpose. The Covered Individuals may not discuss the contents of the PROTECTED MATERIALS with any person not listed in Paragraph 2.

    4.     If defense counsel determines that additional persons are needed to review the material, they must obtain a further order of the Court before allowing any other individual to review the material.

    5.     A copy of this Protective Order shall be maintained with the PROTECTED MATERIALS at all times.

    6.     Under no circumstance may the defendants take or keep any PROTECTED MATERIALS, or any copies or images of PROTECTED MATERIALS, outside the presence of their respective defense counsel. The defendants shall not divulge to any person who is not a Covered Individual any personal identifying information disclosed in PROTECTED MATERIALS.

7. Prior to receiving access to the PROTECTED MATERIALS, all individuals other than defense counsel and defendants shall sign a copy of the Certification attached to this Protective Order acknowledging that:

    a. They have reviewed the Order;

    b. They understand its contents;

    c. They agree that they will only access the PROTECTED MATERIALS for the purposes of preparing a defense for defendant(s); and

    d. They understand that failure to abide by this Protective Order may be considered contempt of Court, punishable accordingly.

These signed copies shall be maintained by counsel for the defense and shall not be made available to the government absent further order of the Court.

8. If the PROTECTED MATERIALS are attached to any pleadings or other court submissions, the PROTECTED MATERIALS and any pleadings or submissions referencing those materials shall be filed or lodged under seal.[1]

9. The defense teams shall return the PROTECTED MATERIALS (and any duplicate copies of the same) to the government, or certify in writing that such materials have been destroyed, fourteen calendar days after any one of the following events, whichever is latest in time: dismissal of all charges against defendant(s); defendant's (or defendants') acquittal by court or jury; the expiration of time to appeal a judgment; or, the conclusion of any direct appeal; provided, however, that upon a showing of good cause the defendants may obtain from the government or from the Court an extension to retain PROTECTED MATERIALS beyond this period.

10. After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the government will maintain a copy of the PROTECTED MATERIALS. The United States will maintain the PROTECTED MATERIALS until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the government may destroy the PROTECTED MATERIALS. In the event the defendants are represented

---

[1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

by counsel and file a motion pursuant to 28 U.S.C. § 2255, the government will, upon receipt of a written request, provide that counsel with a copy of the PROTECTED MATERIALS under the same restrictions as trial and direct appeal defense counsel.  In the event the defendants intend to file a motion pursuant to 28 U.S.C. § 2255 without the assistance of counsel, he or they may request that the government make the Protected Materials available to him or them under appropriate safeguards, or may apply to the Court for an order requiring the government to do so.  The government reserves its right to oppose any such motion(s) to the extent that it seeks to require the government to disclose PROTECTED MATERIALS under conditions less stringent than those set forth in this Stipulation and Protective Order.

IT IS SO STIPULATED.

DATED: January 28, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
BRIAN R. FAERSTEIN
Assistant United States Attorney

/s/ *with permission*
DAVID RIZK
Attorney for Ivan Salcedo

/s/ *with permission*
ANTHONY TALL
Attorney for Arthur Villanueva

[PROPOSED] PROTECTIVE ORDER

For the reasons stated above, the Court finds good cause to restrict the disclosure of the PROTECTED MATERIALS produced in discovery in this case. Therefore, the Court orders that the PROTECTED MATERIALS as described above may be produced subject to the restrictions set forth above.

IT IS SO ORDERED.

Dated: January 30, 2019

APPROVED

Judge James Donato

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>IVAN SALCEDO and<br>ARTHUR VILLANUEVA,<br><br>    Defendants. | Case No. CR 18-0346 JD<br><br>CERTIFICATION REGARDING COMPLIANCE WITH PROTECTIVE ORDER REGARDING PRODUCTION OF "PROTECTED MATERIALS" |

The undersigned acknowledges that she or he has received a copy of the Protective Order in the matter of UNITED STATES v. IVAN SALCEDO and ARTHUR VILLANUEVA, CR 18-0346 JD, and has read, understands, and agrees to the terms of the Stipulation and Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms and punishment of any violations thereof.

Date: _____

_____
Signature

_____
Printed Name